# DEX 7



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

JAGINST 5800.7G
Code 13

JAN 1 5 2021

JAG INSTRUCTION 5800.7G

From: Judge Advocate General

Subj: MANUAL OF THE JUDGE ADVOCATE GENERAL

Ref: (a) JAGINST 5219.1G
(b) U.S. Navy Regulations, 1990
(c) SECNAVINST 5430.7R
(d) SECNAV Green Blazer 8U003687 of 23 Apr 88 (NOTAL)

Encl: (1) Manual of the Judge Advocate General

1. Purpose. In accordance with reference (a), to publish the Manual of the Judge Advocate General (JAGMAN), enclosure (1). The JAGMAN has been approved under the authority of the Secretary of the Navy, and, under references (b) through (d), the Judge Advocate General.

2. Cancellation. JAGINST 5800.7F.

3. Action. The JAGMAN is effective on the date of this document and is applicable throughout the Department of the Navy as a regulation. Proposed changes to the JAGMAN should be forwarded to the Office of the Judge Advocate General, Administrative Law Division (Code 13), 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard, DC 20374.

4. Records Management. Records created as a result of this instruction, regardless of format or media, must be maintained and dispositioned per the records disposition schedules located on the Department of the Navy Directorate for Administration, Logistics, and Operations, Directives and Records Management Division portal page at
https://portal.secnav.navy.mil/orgs/DUSNM/DONAA/DRM/Records-and-Information-Management/Approved%20Record%20Schedules/Forms/AllItems.aspx

*John G. Hannink*
JOHN G. HANNINK

Distribution:
Electronic only via the DON directives website at
http://secnav.navy.mil/doni/JagInstructions.aspx, and the U.S. Navy JAG Corps website at
http://www.jag.navy.mil.

# MANUAL OF THE JUDGE ADVOCATE GENERAL (JAGMAN)



Office of the Judge Advocate General
Department of the Navy
1322 Patterson Avenue, Southeast
Suite 3000
Washington Navy Yard
Washington, DC 20374-5066

withhold a privilege, however temporary, rests at the level of authority empowered to grant that privilege.

    b.  <u>Deprivation of liberty</u>.  Except as specifically authorized by the UCMJ and implemented through NJP or court-martial proceedings, deprivation of normal liberty as a punishment is unlawful.  Nevertheless, commanders may lawfully restrict normal liberty for nonpunitive purposes such as pretrial restraint, liberty-risk programs for the protection of foreign relations, or when Service members are required to perform duties outside of normal working hours to accomplish essential tasks or work necessary to maintain operational readiness.

## 0105  Nonpunitive Censure, Letter of Instruction, and Nonpunitive Letter of Caution

    a.  <u>General</u>.  "Censure" is a statement of adverse opinion or criticism of an individual's conduct or performance of duty expressed by a superior in the Service member's chain of command.  Censure may be punitive or nonpunitive.  See JAGMAN, 0114 regarding punitive censure.  Proper use of an adverse matter that is not censure is governed by Department of the Navy (DON) regulations and applicable service directives, such as the Naval Military Personnel Manual, the Marine Corps Separations and Retirement Manual, and the Marine Corps Individual Records Administration Manual.

    b.  <u>Nonpunitive censure or letter of instruction (LOI)</u>.  Nonpunitive Censure is provided for in R.C.M. 306(c)(2).  Any superior in the Service member's chain of command may issue a Nonpunitive Censure, which may be delivered orally or in writing, or an LOI.  A sample LOI is located at JAGMAN, A-1-b.

        (1) An LOI is not punishment. Rather, the letter conveys necessary information to remedy a deficiency in conduct or in the performance of duty.  The contents of an LOI may include, but are not limited to, the following: identification of conduct or performance of duty deficiencies, direction for improvement, language of admonishment, identification of sources of assistance, outline of corrective action, and the consequences of failing to correct the deficiencies.

        (2) An LOI should not be included in an official record unless it is an enclosure to a subsequent personnel action package.  The issuance of the LOI and the underlying

justification, however, may be referenced as an adverse matter in a fitness report or evaluation.

   c.  Nonpunitive letter of caution (NPLOC).  A NPLOC is a personal matter between the Service member and the superior issuing the NPLOC.  A sample NPLOC is located at JAGMAN, A1a.

      (1) Only the recipient may cause the letter to be entered into the recipient's official service record or official documents and correspondence, with the exception of those instances described in JAGMAN, 0105c(2) below.  The facts underlying a NPLOC may be used to support a detachment for cause proceeding, for relief of command, or to support a negative endorsement.  Similarly, service-record entries, fitness reports, performance evaluations, or any other official records or documents cannot refer to the NPLOC, though they may refer to the facts or circumstances underlying or relating to the NPLOC.

      (2) If the Service member submits a rebuttal to those facts alleging inadequate counseling or a failure to warn of deficiencies, a copy of the NPLOC may be included in the correspondence forwarding the Service member's rebuttal.  Under such circumstances, a NPLOC may properly be included in the official service record of the Service member upon filing of the complete correspondence under the provisions of applicable service regulations.

   d.  Release to the public.  The DON has an obligation to ensure senior officials properly discharge the duties and responsibilities of government service.  Public disclosure of significant departures by senior officials from expected standards of performance and conduct and the DON holding them accountable for such behavior instills public confidence in the institution and is consistent with principles of open governance.  Proven wrongdoing of a serious and intentional nature by a senior official is of sufficient public interest to outweigh the privacy interest of the official.  Less serious misconduct by lower-level agency employees generally is not considered of sufficient public interest to outweigh the privacy interest of the employee.

      (1) In general, the DON finds the public interest warrants disclosure of accountability action taken in cases of misconduct involving flag and general officers and senior executive service personnel in order to retain the public's confidence and trust in the integrity of the Department, the Navy, and the Marine Corps.  Similarly, resolution of misconduct

involving commanding officers, executive officers, officers in charge, senior enlisted advisors, and other personnel of lower rank or grade may also warrant release of information depending on their official position and the nature of the misconduct.

    (2) The determination to identify an individual with specific wrongdoing meriting the more extensive release of information to the public must be made on a case-by-case basis by a flag or general officer in the chain of command upon balancing the public interest against the privacy interest of the individual.

    (3) Accordingly, in appropriate cases the fact of the issuance of the nonpunitive letter may be disclosed to the public.  Generally, the actual letter may not be disclosed without the consent of the individual receiving the nonpunitive letter or when required by the Freedom of Information Act (FOIA).  The facts and circumstances underlying the letter may be disclosed.  Similarly, the fact that counseling occurred may also be disclosed.  Commanders considering public disclosure related to senior official misconduct should consult the staff judge advocate and the public affairs officer or strategic communication and operations officer in their chain of command.

### Part B – Nonjudicial Punishment

**0106  Authority to Impose**

  a.  <u>Commander</u>.  As used in this section, the terms commander and commanding officer mean:

    (1) A commissioned or warrant officer who, by virtue of rank and assignment, exercises primary command authority over a military organization or prescribed territorial area, which under pertinent official directives is recognized as a "command";

    (2) An officer empowered to convene general or special courts-martial;

    (3) A commander of a joint command;

    (4) An officer designated pursuant to U.S. Navy Regulation 0722; or

    (5) An officer designated as a commander of a separate or detached command pursuant to U.S. Navy Regulation 0723.