## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JACE YARBROUGH, | |
| Plaintiff, | |
| v. | CIVIL ACTION No. 4:23-cv-876 |
| | JUDGE AMOS L. MAZZANT III |
| UNITED STATES SPACE FORCE, et al., | |
| Defendants. | |

### JOINT MOTION TO STAY PROCEEDINGS

Individual Capacity Defendant General B. Chance Saltzman (hereinafter "General Saltzman"); Plaintiff Jace Yarbrough (hereinafter "Plaintiff" or "Yarbrough"); and Official Capacity Defendants the United States Space Force, the United States Department of the Air Force, the Department of Defense, Lloyd J. Austin III, Frank Kendall, and General B. Chance Saltzman (hereinafter "the Official-Capacity Defendants") hereby move pursuant to Federal Rule of Civil 26 and Local Rule CV 26(a) for an order staying all discovery and deadlines until the Court rules on the motions to dismiss filed by General Saltzman and the Official-Capacity Defendants. In support of this motion, the parties would respectfully show the Court as follows:

### BACKGROUND

Plaintiff filed his complaint on October 3, 2023. (Dkt. 1). The Official-Capacity Defendants were served on October 10. Counsel for General Saltzman accepted service on December 12, 2023. Plaintiff alleges that General Saltzman and the Official-Capacity Defendants violated his rights under the First Amendment and the Religious Freedom Restoration Act and

seeks damages from General Saltzman in his individual capacity.  *See generally (*Dkt. 1).  He claims that the actions taken by the Official-Capacity Defendants exceeded their statutory authority, violated their own regulations, and amounted to arbitrary and capricious action and an abuse of discretion.  *Id.*

The Court granted two unopposed requests from the Official Capacity Defendants to extend their time to respond to the Complaint.  (Dkts. 22, 26).  On February 1, 2024, the Official-Capacity Defendants filed a motion to dismiss in which they argue that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies and for failure to state a claim.  *See generally* (Dkt. 23).  On February 5, 2024, the Court granted Plaintiff's unopposed motion to extend his time to respond to the Official Capacity Defendants' motion to dismiss.  *See generally* (Dkt. 26).  On February 6, 2024, the Court entered an order setting a deadline for mandatory disclosures and scheduling an in-person initial conference for March 26, 2024.  (Dkt. 27).

On February 12, 2024, General Saltzman filed a motion to dismiss in which he argues, in part, that the Court lacks personal and subject matter jurisdiction over all of Plaintiff's claims and that General Saltzman is entitled to Qualified Immunity.  *See generally* (Dkt. 28).  On February 15, 2024, the Court granted Plaintiff's unopposed motion to extend his time to respond to General Saltzman's motion to dismiss.  *See generally* (Dkt. 30).

<u>**ARGUMENT**</u>

The Court has discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c).  Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.  *Id.*  The Court has "broad discretion and inherent power to stay discovery" until it assures itself that it has jurisdiction and addresses preliminary questions that may dispose of the case.  *Petrus v. Bowen*,

833 F.2d 581, 583 (5th Cir. 1987).  A stay may therefore be appropriate when the disposition of a motion to dismiss might preclude the need for discovery altogether, thus saving time and expense. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

A stay of discovery may be particularly justified "in actions against the federal government, where uncontrolled discovery poses a special threat and compelling public policy reasons support stringent limitations on discovery pending the resolution of threshold jurisdictional questions." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000).  The Fifth Circuit has previously approved of a stay in discovery when the defendant moved to dismiss and argued that the plaintiff failed to exhaust administrative remedies.  *See Smith v. Potter*, 400 Fed. Appx. 806 (5th Cir. 2010).  And in the context of qualified immunity, the Fifth Circuit specifically directed courts "not [to] permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."  *Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022); *see also* L. R. CV-26(a).

In his Motion to Dismiss (Dkt. #28), General Saltzman argues that he is immune from suit. The Official Capacity Defendants likewise raise a threshold defense in their Motion to Dismiss (Dkt. #23).  In light of the Fifth Circuit's opinions in *Smith* and *Carswell*, and given that compelling General Saltzman—a four-star general and the head of the U.S. Space Force—or the other high-ranking military defendants to participate in discovery would divert crucial agency resources, all discovery and other deadlines should be stayed until the Court has ruled on both the General Saltzman's and on the Official Capacity Defendants' respective Motions to Dismiss.

<u>CONCLUSION</u>

WHEREFORE, General Saltzman, Plaintiff Jace Yarbrough, and the Official Capacity Defendants respectfully request that this Court stay all discovery and deadlines in this case until

the Court has had the opportunity to rule on both General Saltzman's and the Official-Capacity

Defendants' respective Motions to Dismiss.


Respectfully submitted,


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

ANDREA W. MCCARTHY
Deputy Director, Torts Branch

*/s/ Shmuel Bushwick*
SHMUEL BUSHWICK
Trial Attorney
New York Reg. No. 5268271
New Jersey Reg. No. 073632013
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-0401
Fax: (202) 616-4314
E-mail: Shmuel.bushwick@usdoj.gov

*Counsel for General B. Chance Saltzman*
*in his Individual Capacity*



BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Robert W. Meyer*
ROBERT W. MEYER
New York Bar No. 5942842

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-0872
Email: robert.w.meyer@usdoj.gov

*Attorneys for the Official Capacity Defendants*

*/s/ Chad B. Walker*

CHAD B. WALKER
Texas Bar No. 24056484
cbwalker@winston.com
MICHAEL J. WOODRUM
Texas Bar No. 24121899
mwoodrum@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 (telephone)
(214) 453-6400 (telecopy)

ANTONY BARONE KOLENC
Florida Bar No. 0181358
tkolenc@avemarialaw.edu
*Admitted Pro Hac Vice*
**AVE MARIA SCHOOL OF LAW
VETERANS AND SERVICEMEMBERS LAW
CLINIC**
1025 Commons Circle
Naples, Florida 34119
Tel: (239) 687-5396

JEFFREY C. MATEER
Texas Bar No. 13185320
jmateer@firstliberty.org
DAVID J. HACKER
Texas Bar No. 24103323
dhacker@firstliberty.org
MICHAEL D. BERRY
Texas Bar No. 24085835
mberry@firstliberty.org
DANIELLE A. RUNYAN

Texas Bar No. 24134548
drunyan@firstliberty.org
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy., Ste. 1600
Plano, Texas 75075
Tel: (972) 941-4444

*Counsel for Plaintiff Jace Yarbrough*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Tuesday, February 20, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.


*/s/ Shmuel Bushwick*
SHMUEL BUSHWICK
Trial Attorney

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on February 14, 2024, counsel for Plaintiff and counsel for the Official Capacity Defendants were contacted regarding the relief sought in this motion.  Counsel for Plaintiff and counsel for the Official Capacity Defendants are unopposed to the relief sought in this motion, and join in this request.

<u>/s/Shmuel Bushwick</u>
SHMUEL BUSHWICK
Trial Attorney